## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES RASO, TRUSTEE<br>of the MASSACHUSETTS BRICKLAYERS<br>AND MASONS HEALTH AND WELFARE,<br>PENSION AND ANNUITY FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>ZANI TILE CO., INC. and JAMES M. FAHEY,<br>JR.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. No.:** |

## COMPLAINT
### Count I
(as against Zani Tile Co., Inc.)

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, brought on behalf of the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent employee benefits contributions.

2.      This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. §1132(e) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3.      Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).   The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).   The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, Massachusetts.

4.      Defendant Zani Tile Co., Inc. ("Zani Tile") is an employer with a place of business in Watertown, Massachusetts.

5.      Defendant Zani Tile is an "employer" within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6) and (7).

6.      Defendant James M. Fahey, Jr. is an individual having an address in Milton, Massachusetts.

7.      Bricklayers and Allied Craftsmen Local Union No. 3, Eastern Massachusetts, New Hampshire, Maine ("BAC Local 3") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8.      At all material times, Defendant Zani Tile was obligated by the terms of one or more collective bargaining agreements between it and BAC Local 3 and by the terms of Agreements and Declarations of Trust of the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds, to which Defendant Zani Tile was bound to make contributions to the Funds on behalf of certain employees.

9.      Defendant Zani Tile has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Zani Tile Co., Inc. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.      Awarding the Funds the following amounts:

    i.      the unpaid health, pension and annuity contributions;

    ii.     interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

        iv.      all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.      Ordering such other and further relief as this court may deem just and proper.

Count II
(as against James M. Fahey, Jr.)

10.      Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 9 of this complaint.

11.      Defendant James M. Fahey, Jr. ("Fahey") is owner and manager of Zani Tile.

12.      Defendant Fahey is an alter ego of Zani Tile Co., Inc.

13.      Defendant Fahey, as an alter ego if Zani Tile, is personally liable for the unpaid employee benefit contributions owed to the Funds by Zani Tile Co., Inc.

14.      Defendant Fahey has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145

WHEREFORE, Plaintiff demands that judgment enter against the Defendant James M. Fahey, Jr. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.      Awarding the Funds the following amounts:

        i.      the unpaid health, pension and annuity contributions;

        ii.      interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

        iii.      liquidated damages pursuant to the collective bargaining agreements; and

        iv.      all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.      Ordering such other and further relief as this court may deem just and proper.

Dated:  September 23, 2010

Respectfully submitted,
For the Plaintiff,


/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.
BBO#549397
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976




### CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated:  September 23, 2010

/s/ Catherine M. Campbell
Catherine M. Campbell